## No. 461
### R. S. FRANKLIN, Admr., v. COUNTY COMMISSIONERS

(Also Actions by Sarah L. Stitt and William Stitt

Against Said Defendant)

Ohio Appeals, First Dist., Warrent County

Nos. 88, 89 and 90. Decidede May 7, 1923

NEGLIGENCE—(1) Duty of County Commissioners to keep roads in repair—(2) Duty of County Commissioners to keep guard rails along dangerous curves and embankments.

HAMILTON, J.

Epitomized Opinion—Judgment Reversed

Franklin, Sarah Stitt and William Stitt each brought an action against the County Commissioners of Warren county for the negligent maintenance of a certain highway. The two latter persons were injured and Franklin's decedents were killed when an automobile in which they were riding ran off the road. At the place where the accident happened the road was so narrow it was almost impossible for two machines to pass, and moreover, there was a curve and steep embankments in the road at this point. In their petitions they set forth that the County Commissioners were liable for violating GC. 2408 in that they failed to keep the road in proper repair. They also set forth that the County Commissioners had failed to comply with GC. 7563 which provided for the erection of guard rails where there are large embankments. The defendants filed several motions to strike certain matters from the petitions. A sufficient number of these motions were granted as to in effect strip the petitions from all charge of negligence. Plaintiffs then prosecuted error. Held:

1. Under GC. 2408, which requires County Commissioners to keep the road or bridges in proper repair, the commissioners are not bound to so construct or widen the roadway as to enable vehicles to pass.

2. Under GC. 7563 a duty is placed upon the County Commissioners to erect guard rails around dangerous curves in highways and along approaches to bridges, and where a petition states that the commissioners failed to maintain such guard rails and that certain parties were injured as a proximate result thereof, the petition states a good cause of action.

## No. 462
### WARREN HOME DEVELOPMENT CO v. MAHONING PARK CO.

Ohio Appeals, Seventh District, Trumbull County
Decided Jan. 11, 1923

MECHANIC'S LIEN—(1) Evidence showing that officer of corporation was acting for company—(2) Notice to owner under GC. 8315—(3) Lien against property for repairs made at request of lessee.

POLLOCK, J.

Epitomized Opinion

The defendant company owned about 17 acres of land, which was being used as a pleasure resort. In 1921 the Mahoning Amusement Co. leased the dancing pavilion on this property to one Leckey for a term of five years. The lease provided that Leckey was to make all repairs and additions at his own expense. Soon after making this lease, Leckey entered into a written agreement with plaintiff to make repairs on the dancing pavilion. On Leckey's failure to pay for the work a mechanic's lien was perfected. Later an action was brought to foreclose this mechanic's lien and to sell the property. The action was brought before the Common Pleas Court of Trumbull county. At the trial defendant contended that although he owed the fee in the property, yet the dancing pavilion belonged to one Herbald. The evidence disclosed some conflict on the point as to whether Herbald, president of the defendant company, purchased the pavilion personally or in his representative capacity as officer of the defendant company. As the lower court refused to allow the lien and grant the foreclosure, the plaintiff appealed the case to the Court of Appeals. Here the lien was allowed and the decision of the lower court reversed, the court holding:

1. That the evidence showed that Herbald was acting for the defendant company in purchasing the pavilion and not for himself.

2. Notice of the filing of a mechanic's lien served on the attorney of the party is a sufficient compliance with GC. 8315 under the circumstances of this case.

3. Improvements made under the provisions of a lease on the lessor's property are included under the mechanic's lien statute, where the lease provides that the lessee shall make certain improvements as part of the consideration on his property and the lease terminates at a definite time; and a person making repairs and improvements for such a lessee is entitled to a mechanic's lien upon the property.